NO. 07-05-0281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 27, 2006
_____

SCOTT WILLIAM BRADLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 109517; HONORABLE PAMELA C. SIRMON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Scott William Bradley has given notice of appeal from a judgment of conviction and sentence for the offense of criminal trespass. The appellate court clerk received and filed the trial court clerk's record on August 9, 2005. The trial court reporter's record was filed on November 22, 2005.

By letter dated February 1, 2006, the appellate clerk reminded counsel for appellant that appellant's brief was due on January 23, 2006, and that neither the brief nor a motion for a further extension of time had been received. Counsel for appellant was further

advised by such letter that if no response to the letter was received by February 13, 2006, the appeal would be abated to the trial court for hearing pursuant to Rule of Appellate Procedure 38.8(b). No response has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1)     whether appellant desires to prosecute this appeal;

(2)     if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(3)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this court no later than March 27, 2006.

Per Curiam

Do not publish.